United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Andrew D. Gumberg, as Trustee of Coral Ridge Shopping Center Trust, Plaintiff, | ) ) ) ) | |
| v. | ) ) | Civil Action No. 20-23541-Civ-Scola |
| Great American E & S Insurance Company, Inc., Defendant. | ) ) ) | |

## Order Granting Motion to Dismiss

This matter is before the Court upon the Defendant Great American E & S Insurance Company, Inc.'s ("Great American") motion to dismiss the complaint for declaratory relief filed by Plaintiff Andrew D. Gumberg, as Trustee of Coral Ridge Shopping Center Trust ("Gumberg"). (Def's Mot., ECF No. 5; Pl.'s Compl., ECF No. 1.) Gumberg seeks a declaratory judgment declaring the trust's right to recover under an insurance policy issued by Great American for losses stemming from the Covid-19 pandemic. Great American argues that the alleged loss is not covered under the policy and seeks to dismiss the complaint. Gumberg responded to the motion (Pl.'s Resp., ECF No. 15) and Great American replied (Def.'s Reply, ECF No. 23). Having reviewed the record, the parties' briefing, and the relevant legal authorities, the Court **grants** Great American's motion. **(ECF No. 5.)**

## 1. Background[1]

Gumberg owns and operates Coral Ridge Mall, a shopping center located in Broward County, Florida. (ECF No. 1, ¶ 1.) Great American issued a premises environmental liability insurance policy to Gumberg to insure the shopping center. (*Id.* ¶ 7.) In March 2021, Broward County and the State of Florida issued orders requiring the closure of several businesses, like the shopping center, to stop the spread of Covid-19. (*Id.* ¶¶ 13, 14.) In compliance with the orders, Gumberg closed the shopping center on March 23, 2020 and partially reopened on May 18, 2020, imposing numerous limitations consistent with government-mandated restrictions (*Id.* ¶15.) Gumberg incurred damages

---

[1] The Court accepts Gumberg's factual allegations as true for the purposes of evaluating Great American's motion to dismiss. *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

as a result of the mandatory closures. (*Id.* ¶ 16.)

On April 8, 2020, Gumberg made a claim with Great American for business interruption, property damages, loss of income, and service interruption as a result of Covid-19 under the pollution condition clause of the policy. (*Id.* ¶17.) On May 13, 2020, Great American denied Gumberg's claim indicating that there was no coverage provided under the policy. (*Id.* ¶18.)

Gumberg initiated this action seeking declaratory relief regarding whether the alleged losses are covered by the pollutant clause of the policy. (ECF No. 1.) Great American moves to dismiss the complaint arguing that Covid-19 does not constitute a pollution condition under the policy, and even if it did, coverage would be barred by the communicable disease exclusion. (ECF No. 5.) In opposition, Gumberg contends that the motion to dismiss should be denied because the policy does not define the broad categories that make up the definition of pollutant, such that Covid-19 would be covered under at least one of those categories. (ECF No. 15 at 6.) Gumberg also argues that Covid-19 qualifies as a pollutant because it satisfies the definition of biological agent. (*Id.*)

## 2. Legal Standard

A court considering a motion to dismiss, filed under Federal Rule of Civil Procedure 12(b)(6), must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)) (internal punctuation omitted). A court must dismiss a plaintiff's claims if he fails to nudge his "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

## 3. Discussion

The parties agree that in deciding the motion to dismiss, the Court must first determine whether Covid-19 constitutes a *pollutant* under the policy. (ECF No. 15 at 6.) The policy defines a pollutant as:

**BB. Pollutants** mean any solid, liquid, gaseous, or thermal pollutant, irritant, or contaminant, including but not limited to smoke, vapors, odors, soot, fumes, acids, alkalis, toxic chemicals, hazardous substances, petroleum, hydrocarbons, waste, including medical, infectious, red bag, and pathological wastes, legionella, electromagnetic fields, mold matter, low-level radioactive waste and material and *biological agents*.

[...]

**Biological Agents** mean viruses, bacteria, or other agents used to cause illness or death in people, animals, or plants as defined by the U.S. Center for Disease Control and Prevention, provided such viruses, bacteria, or other agents were deliberately released, discharged, or dispersed by a party other than an Insured with the intent to cause injury to persons or property and to influence either the policy or conduct of the U.S. Government through coercion.

(ECF No. 1-1.) If the Court finds that Covid-19 constitutes a pollutant under the policy, then the inquiry ends there. *Town Kitchen LLC v. Certain Underwriters at Lloyd's, London*, No. 20-22832-CIV, 2021 WL 768273, at *7 (S.D. Fla. Feb. 26, 2021) (Moreno, J.). However, if the Court finds that Gumberg has alleged coverage under the policy, in other words that Covid-19 is a covered pollutant, then the burden shifts to Great American to demonstrate that an exclusion applies. *Id.* at *3. Here, Great American contends that if Covid-19 constitutes a pollutant, then coverage is barred by the communicable disease exclusion, which excludes:

3. Communicable Disease based upon or arising out of any exposure to infect humans or animals, or contract with bodily fluids of infected humans or animals.

(ECF No. 1-1.)

### A. Florida Contract Principles

Florida law governs interpretation of the subject policy. *Raymond H Nahmad DDS PA v. Hartford Cas. Ins. Co.*, No. 1:20-CV-22833, 2020 WL 6392841, at *4 (S.D. Fla. Nov. 2, 2020) (Bloom, J.). In determining coverage under an insurance policy, courts look at the policy in its entirety and are required to give "every provision its full meaning and operative effect." *See State*

*Farm Fire & Cas. Co. v. Steinberg*, 393 F.3d 1226, 1230 (11th Cir. 2004) (internal quotation marks omitted). A court's inquiry begins with "the plain language of the policy, as bargained for by the parties." *Steinberg*, 393 F.3d at 1230 (citing *Auto–Owners Ins. Co. v. Anderson*, 756 So. 2d 29, 34 (Fla. 2000)). In other words, "insurance contracts are construed according to their plain meaning." *Garcia v. Federal Ins. Co.*, 473 F.3d 1131, 1135 (11th Cir. 2006) (quoting *Taurus Holdings, Inc. v. U.S. Fid. & Guar. Co.*, 913 So. 2d 528, 532 (Fla. 2005)). The unambiguous language of the policy is controlling; however, where the language is "susceptible to more than one reasonable interpretation, one providing coverage and the other limiting coverage, the insurance policy is considered 'ambiguous,' and must be 'interpreted liberally in favor of the insured and strictly against the drafter who prepared the policy.'" *Steinberg*, 393 F.3d at 1230.

"[I]insurance coverage must be construed broadly and its exclusions narrowly." *Evanston Ins. Co. v. Budget Grp. Inc.*, 199 F. App'x. 867, 868 (11th Cir. 2006) (citing *Demshar v. AAACon Auto Transport, Inc.*, 337 So. 2d 963, 965 (Fla. 1976)). In the same vein, policies "are to be construed most strongly against the insurer and liberally in favor of the insured." *Id.* (citing *Hartnett v. Southern Ins. Co.*, 181 So.2d 524, 528 (Fla. 1965)). Accordingly, exclusionary clauses restricting the insured's coverage are generally disfavored. *Hartford Acc. & Indem. Co. v. Beaver*, 466 F.3d 1289, 1296 (11th Cir. 2006) (citing *Northland Cas. Co. v. HBE Corp.*, 160 F. Supp. 2d 1348, 1359 (M.D. Fla. 2001)). The burden falls on the insurer to prove that an exclusionary clause precludes coverage, and it must do so by "demonstrating that the allegations of the complaint are cast solely and entirely within the policy exclusion and are subject to no other reasonable interpretation." *Id.* (citing *Northland*, 160 F. Supp. 2d at 1359); *see also U.S. Concrete Pipe Co. v. Bould*, 437 So. 2d 1061, 1065 (Fla. 1983) ("Non-insurability is a defensive matter, with the burden resting on the insurer.").

## B. Covid-19 Does Not Constitute a Pollutant Under the Policy

"In Florida, the insured has the burden of proving facts that bring its claim within an insurance policy's affirmative grant of coverage." *Raymond H Nahmad DDS PA*, 2020 WL 6392841, at *5. The complaint alleges that Covid-19 falls into at least one of the 14 categories that define a pollutant under the policy. (ECF No. 1 ¶ 28.) This vague allegation is insufficient to state a claim as it does little to explain the basis for coverage. In his response in opposition, Gumberg argues that Covid-19 could constitute a pollutant because it is a biological agent as defined by the policy. (ECF No. 15 at 8.) The policy states

that a pollutant includes a biological agent, which is defined as: "viruses...used to cause illness or death in people, animals, or plants as defined by the U.S. Center for Disease Control and Prevention, provided such viruses...were deliberately released, discharged, or dispersed by a party other than an INSURED with the intent to cause injury to persons or property and to influence either the policy or conduct of the U.S. Government through coercion." (ECF No. 1-1.) Here, the parties agree that Covid-19 is a virus and it is not alleged in the complaint that Covid-19 was released with the intent to cause injury or affect the policy. Accordingly, as alleged, the complaint does not state sufficient facts to show coverage for Covid-19 as a biological agent. The Court notes that Gumberg argues that Covid-19 was deliberately spread at the shopping center, however, the complaint is silent as to this point.

Gumberg also argues that Covid-19 is a covered pollutant because it is a hazardous substance. "It is obvious that Covid-19 constitutes a 'hazardous substance,' a term unbound to any specific definition under the Policy." (ECF No. 15 at 7.) The Court rejects the argument that the term 'hazardous substance' is ambiguous simply because it is undefined. *Raymond H Nahmad DDS PA*, 2020 WL 6392841, at *10; *see also Amerisure Mut. Ins. Co. v. Am. Cutting & Drilling Co.*, 2009 WL 700246, at *4 (S.D. Fla. Mar. 17, 2009) (Cohn, J.) (recognizing that "Just because an operative term is not defined, it does not necessarily mean that the term is ambiguous.") (citing *Swire Pac. Holdings, Inc. v. Zurich Ins. Co.,* 845 So. 2d 161, 166 (Fla. 2003)). Neither the complaint nor the response in opposition explain why the term hazardous substance is ambiguous apart from the fact that it has not been defined. This is insufficient to survive a motion to dismiss. *Raymond H Nahmad DDS PA*, 2020 WL 6392841, at *10.

It is worth noting that although the policy does not explicitly define "hazardous substance," if the Court found Covid-19 constitutes a hazardous substance, it would render meaningless the policy's definition and coverage of biological agents which includes the release or spread of viruses under specific circumstances. *Westport Ins. Corp. v. VN Hotel Grp., LLC*, 513 F. App'x 927, 931 (11th Cir. 2013) (affirming finding that legionella bacteria was not a pollutant under the policy in part because the bacteria was not like the examples provided in the policy and would be inconsistent with another policy exclusion specific for bacteria) (quoting *Auto-Owners Ins. Co. v. Anderson*, 756 So. 2d 29, 34 (Fla. 2000) ("[I]n construing insurance policies, courts should read each policy as a whole, endeavoring to give every provision its full meaning and operative effect.")).

For these reasons, Gumberg has not alleged sufficient facts to establish coverage and the Court need not consider whether the communicable disease

exclusion would bar coverage. *Town Kitchen*, 2021 WL 768273, at *7.

### 4. Conclusion

Based on the foregoing, the Court **grants** Great American's motion to dismiss. **(ECF No. 5.)** Gumberg's complaint is dismissed without prejudice and Gumberg may file an amended complaint by no later than **June 3, 2021**, providing that an amendment would not be futile. The Clerk of the Court is directed to **close** this action for administrative purposes.

**Done and ordered**, in Miami, Florida, on May 20, 2021.

Robert N. Scola, Jr.
United States District Judge